## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DIANE FRANKLIN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 4:12-CV-307 CAS |
| | ) |
| PINNACLE ENTERTAINMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER CONCERNING REMOVAL

This removed matter is before the Court on plaintiffs' motion to remand. Defendant opposes the motion and plaintiffs have filed a reply; defendant was granted leave to file a surresponse and plaintiffs filed a surreply. The motion is therefore ready for decision. The Court has carefully examined plaintiffs' removed Petition and First Amended Petition ("Amended Petition") in connection with the motion to remand, and concludes that questions exist with respect to subject matter jurisdiction in addition to the issue raised by plaintiffs' motion to remand concerning the citizenship of one plaintiff. As a result, it is appropriate to give the parties notice and an opportunity to respond. For the following reasons, defendant will be ordered to establish the existence of diversity jurisdiction or this case will be remanded to state court.

**Background**

This action was filed in the Circuit Court of the City of St. Louis, State of Missouri, on November 18, 2011, by sixty-seven plaintiffs asserting state law claims for breach of contract, employment discrimination in violation of the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, et seq., and negligent and/or intentional infliction of emotional distress. The case arises

out of the plaintiffs' layoff from employment at the now-closed President Casino. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.[1]

Plaintiffs move to remand the case to state court for lack of complete diversity of citizenship, asserting that plaintiff Michael Holl is a resident of the State of Nevada, which is also the state of defendant's principal place of business. The motion to remand and reply in support are not supported by evidence, such as affidavits or documents. Plaintiffs are reminded that statements of counsel in an unverified filing are not evidence or proof. See Latorre v. United States, 193 F.3d 1035, 1038 (8th Cir. 1999). Plaintiffs' surreply is accompanied by an affidavit from plaintiff Holl, which states in pertinent part that he "presently reside[s] in Las Vegas, Nevada."

Rather than allegations of a party's place of residence, there must be allegations of the party's place of citizenship. 28 U.S.C. §§ 1332(a), (c)(1); see Sanders v. Clemco Indus., 823 F.2d 214, 215 n.1 (8th Cir. 1987).[2] It is well established that an allegation of residence is not the equivalent of an allegation of citizenship, Sanders, 823 F.2d at 216, and is insufficient to allege citizenship. Jones v. Hadican, 552 F.2d 249, 251 n.3 (8th Cir. 1977). For this reason, plaintiff Holl's affidavit does not provide a factual basis for this Court to determine his state of citizenship.

---

[1] On the Civil Cover Sheet filed in this case, defendant checked the "Federal Question" box under Section II, Basis of Jurisdiction, in addition to the "Diversity" box. Under Section VI, Cause of Action, however, defendant cites 28 U.S.C. § 1332, the diversity statute, as the federal statute under which the case is filed. Neither the removed Petition nor the First Amended Petition appears to contain a basis for federal question jurisdiction, and defendant does not so assert in the Notice of Removal. The Court will therefore limit its inquiry to the existence of diversity jurisdiction.

[2] In addition, as stated in the Order of March 16, 2012, at the time plaintiffs filed the motion to remand, there was no plaintiff named "Michael Holl" listed in the caption of the removed Petition, but there was a plaintiff named Michael Hull. Although plaintiffs contend they amended their Petition by interlineation in state court to change the name of Michael Hull to Michael Holl, defendant disputes this, and the docket sheet in this case listed plaintiff Michael Hull, not Michael Holl, as a party. In any event, plaintiffs omitted plaintiff Michael Hull from the caption of the Amended Petition and added plaintiff Michael Holl.

Despite these deficiencies in plaintiffs' motion to remand, the Court is mindful that defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. See Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

After plaintiffs filed their motion to remand, they sought and were granted leave to file an amended complaint which added several new counts and four plaintiffs. The general rule is that if a plaintiff in a removed case takes affirmative conduct in federal court, such as by filing an amended complaint, that party consents to the jurisdiction of the federal courts. See Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 528-29 (8th Cir. 1996) (cited case omitted). This rule applies to procedural defects in the removal of an action that do not affect the federal court's subject matter jurisdiction and therefore may be waived. Here, in contrast, plaintiffs' motion to remand concerns the existence of subject matter jurisdiction, which cannot be waived. See United States v. Cotton, 535 U.S. 625, 630 (2002). Therefore, plaintiffs' motion to remand is not mooted or waived by the filing of the Amended Petition.

**Legal Standard**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders, 823 F.2d at 216. Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).[3]

---

[3]Congress recently amended 28 U.S.C. §§ 1441 and 1446. See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. This action was

In removal cases, the district court generally reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction, without reference to subsequent amendments. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938).  This rule prevents a plaintiff from obtaining remand by amending a complaint to eliminate the basis for federal jurisdiction, and "applies mainly in cases where the amended complaint attempts to destroy federal jurisdiction after the case has been properly removed." Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

A district court may also look to the notice of removal to determine its jurisdiction. Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). As stated above, defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. Central Iowa Power Co-op., 561 F.3d at 912. "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" Id.

There are exceptions to the general rule that only the petition pending at the time of removal is reviewed in determining the existence of federal jurisdiction. See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 510 F.Supp.2d 299, 306-16 (S.D.N.Y. Sept. 17, 2007). One exception is where a plaintiff voluntarily amends his petition post-removal in an attempt to solidify federal jurisdiction. The Eighth Circuit has held that where this happens, the original petition is

---

"commenced" in state court with the filing of plaintiffs' original Petition in November 2011, see Mo. S. Ct. Rule 53.01. As a result, the recent amendments to the removal statutes do not apply to this case. See Pub. L. No. 112-63, § 105, 125 Stat. at 762 ("[T]he amendments made by this title shall take effect upon the expiration of the 30-day period beginning on [December 7, 2011], and shall apply to any action or prosecution commenced on or after such effective date. . . . [A]n action . . . commenced in State court and removed to Federal court shall be deemed to commence on the date the action . . . was commenced, within the meaning of State law, in State court."). See Christiansen v. West Branch Community Sch. Dist., No. 11-1904, __ F.3d __, 2012 WL 952813, at *2 n.2 (8th Cir. Mar. 22, 2012).

4

superseded and a court must examine only the amended complaint to determine the existence of subject matter jurisdiction. See In re Wireless Tel. Fed. Cost Recovery Litig., 396 F.3d 922, 928-29 (8th Cir. 2005). In contrast, this exception does not apply where the plaintiff attempts to defeat removal jurisdiction by filing an amended complaint. Nebraska Turkey Growers Co-op Ass'n v. ATS Logistics Servs., Inc., 2005 WL 3118008, at *3 n.6 (D. Neb. Nov. 22, 2005).

For the reasons discussed below, it appears to the Court that diversity jurisdiction does not exist based on the removed Petition, and that removal was improvident. Further, it does not appear that the Amended Petition was filed primarily to either support or destroy federal jurisdiction, but rather to respond to defendant's motion to dismiss.[4] Even if the removed Petition was improvidently removed, the Court has jurisdiction over the case if plaintiffs' voluntary amendment will support federal jurisdiction. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 64 (1996) (permitting an improvident removal to be cured by subsequent events that established complete diversity of citizenship). As a result, the Court will examine both the removed Petition and the Amended Petition to determine whether diversity jurisdiction exists.

In a case based upon this Court's diversity jurisdiction, there must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); see Sanders, 823 F.2d at 215 n.1. "In the

---

[4] Neither the removed Petition nor the amended complaint can be described as a model of pleading clarity. Both are vague and imprecise, and riddled with typographical and grammatical errors. The amended complaint, titled "First Amended Petition," appears to respond to issues that were raised in defendant's original motion to dismiss. The First Amended Petition alleges that this Court has jurisdiction, Pet. at 2, ¶ 3, but does not cite a statutory basis for jurisdiction and does not contain allegations sufficient to establish the existence of federal jurisdiction. Specifically, the Amended Petition does not contain any allegations regarding the parties' citizenship, and does not assert any federal claims. As previously stated, the Amended Petition adds several claims and plaintiffs to the action.

case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed." Knudson v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011) (quoted case omitted). In addition, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Federal courts are to strictly construe the amount in controversy requirement, as its purpose is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969).

In opposing plaintiffs' motion to remand, defendant incorrectly asserts that diversity of citizenship need only exist at the time of the original filing. In their surreply, plaintiffs fail to address the citizenship of plaintiff Holl, as opposed to his residence, and fail to establish that citizenship both at the time of filing and when the petition for removal was filed.[5]

**Discussion**

    A.  Complete Diversity of Citizenship

        1. *Removed Petition.*

The record before the Court does not establish the existence of complete diversity of citizenship. The removed Petition does not contain specific allegations as to the parties' citizenship, but incorporates by reference an undated exhibit entitled "EEOC - Client Information" (the "Exhibit") that lists most, but not all, of the plaintiffs' names and addresses. The removed Petition contains no affirmative assertion that the Exhibit is accurate, or that it reflects the plaintiffs'

---

[5]"The legal standard to determine citizenship is straightforward. Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely. Yeldell [v. Tutt], 913 F.2d [533], 537 [(8th Cir. 1990)]. Once an individual has established his state of citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship. Id." Altimore v. Mount Mercy College, Cedar Rapids, IA, 420 F.3d 763, 768-69 (8th Cir. 2005).

addresses at the time of filing the original state court petition.[6] There is no indication in the record who prepared the Exhibit.

Defendant's Notice of Removal, supported by an affidavit, states that it is a Delaware corporation with its principal place of business located in Nevada. The Notice of Removal also states that the plaintiffs are citizens of Missouri, Illinois, Pennsylvania and California, based on the Exhibit. The Notice of Removal does not assert that the Exhibit reflects the plaintiffs' addresses at the time of filing the original state court petition, or at the time of removal. Defendant's assertion in its Sur-Response in Opposition to Plaintiffs' Motion to Remand, that "diversity jurisdiction was conclusively established by the operative complaint at the time of filing," Sur-Response at 3, significantly overstates the evidentiary value of the Exhibit.

The Court notes that several of the plaintiffs' names as shown on the removed Petition do not correspond exactly with the names listed on the Exhibit.[7] While these discrepancies may be the result of typographical errors, defendant must establish that the plaintiffs listed in the Petition are the same persons listed on the Exhibit, or otherwise establish the citizenship of those plaintiffs. In addition, there are three plaintiffs listed in the caption of the removed Petition whose names are not listed on the Exhibit – Linda Schreck, Linda Cotton, and Raymond Wood – and there are no

---

[6] Plaintiffs' only reference to the Exhibit in the removed Petition is as follows: "Plaintiffs (hereinafter referred to collectively as Plaintiffs per attachment Plaintiffs' Exhibit 1, made a part hereof) were employees of Defendant Pinnacle . . . working for same at its facility called President Casino at all times relevant herein."  Pet. at 2, ¶ 1 .

[7] For example, there is a plaintiff named Demarcus Arnold and a person named Demarus Arnold listed on the Exhibit. Similarly, there are plaintiffs named Tanya Armstrong-Gines, Dierder Arnold, Stephanie Hamiel, Martisa Holmon, Darrel Mueth, Antronette Parker, Perez Rayford, and Lizett Simmons, and persons listed on the Exhibit named Tanya Armstrong-Gaines, Dieder Arnold, Stephanie Hammiel, Martia Holman, Darrell Mueth, Antoinette Parker, Perex Rayford, and Lizzett M. Simmons.

allegations before the Court concerning these plaintiffs' citizenship.[8]  Defendant must establish the citizenship of each of these plaintiffs.

For these reasons, the Court finds that the allegations of plaintiffs' removed Petition and defendant's Notice of Removal do not contain sufficient allegations regarding each plaintiff's state of citizenship at the time of filing and the time of removal, and therefore defendant has not met its burden to establish that complete diversity of citizenship existed at the time of removal.

    2. *Amended Petition*

Because plaintiffs' Amended Petition adds parties to the case, defendant must prove that complete diversity of citizenship exists with respect to the new plaintiffs.  Plaintiffs' Amended Petition is silent as to the parties' citizenship and does not incorporate the Exhibit listing the plaintiffs' addresses.  Nonetheless, the Court considers the Exhibit in determining whether defendant has shown that complete diversity of citizenship exists with respect to the Amended Petition, because the Exhibit was filed as an exhibit to defendant's Notice of Removal and was part of the state court record.

As previously discussed, the Exhibit is undated, and plaintiffs never asserted that it established the plaintiffs' citizenship at the time the original state court petition was filed or at the time of removal.  In addition, as stated above, several of the plaintiffs' names listed in the caption of the removed Petition do not correspond exactly with the names listed on the Exhibit.  See footnote 6, *supra*.  This remains true for the Amended Petition.  In addition, four new plaintiffs listed in the

---

[8]A fourth plaintiff listed in the caption of the removed Petition, Michael Hull, is also not listed on the Exhibit.  As noted above, plaintiffs omitted plaintiff Michael Hull from the Amended Petition and replaced him with plaintiff Michael Holl, and defendant filed an affidavit stating that no one named Michael Hull ever worked for it.  As a result, the Court is satisfied that Michael Hull is not a party to this action and defendant need not attempt to establish his citizenship.  Michael Holl's citizenship, however, remains in dispute.

caption of the Amended Petition do not appear on the Exhibit – Joseph Pavlik, Marilyn Lee-Taylor, Alimitric Stewart, and Melvin Thomas – and there are no allegations before the Court concerning these plaintiffs' citizenship. Defendant must establish the citizenship of each of the new plaintiffs for there to be complete diversity of citizenship. See Alpers Jobbing Co., Inc. v. Northland Cas. Co., 173 F.R.D. 517, 519 (E.D. Mo. 1997) ("Under 28 U.S.C. § 1447(e) the joinder or substitution of nondiverse [parties] after removal destroys diversity, regardless whether such [parties] are dispensable or indispensable.").

Finally, several of the plaintiffs' names listed in the caption of the removed Petition were changed in the caption of Amended Petition – Mark Hughes was changed to Michael Hughes (there is a Mark Hughes listed on the Exhibit, but not a Michael Hughes); Michael Hull was changed to Michael Holl (neither is listed on the Exhibit); Raymond Wood was changed to Raymond Woods (neither is listed on the Exhibit); and Michael Hall was added (a Michael Hall is listed on the Exhibit). Defendant must establish the citizenship of each of these plaintiffs.

For these reasons, the Court finds that the allegations of plaintiffs' Amended Petition and defendant's Notice of Removal do not contain sufficient allegations regarding each plaintiff's state of citizenship at the time of filing and the time of removal, and therefore defendant has not met its burden to establish complete diversity of citizenship.

B. Amount in Controversy

1. *Removed Petition*

With respect to the amount in controversy, the prayers in Counts I, III and IV of plaintiffs' removed Petition are for judgment in excess of $25,000. These prayers appear to be pleaded in accordance with Missouri rules that prohibit pleading specific damage amounts in tort cases, except as necessary to establish state circuit court jurisdiction. See Mo. R. Civ. P. 55.05; Mo. Rev. Stat.

9

§ 509.050.1(2) (2000).  The prayer in Count II seeks judgment in excess of $25,000, but the allegations of Count II also state that "the amount owed to plaintiffs is worth at least $1,000.00 per Plaintiff/employee."  Pet. at 4.

The Notice of Removal asserts "a good faith basis and belief to a high degree of legal certainty" that the amount in controversy exceeds the $75,000 jurisdictional amount based on the following:

> (a) Plaintiffs' Complaint seeks damages for past and future wages, a severance package, sick pay, bonuses, and punitive damages sustained as a result of Defendant's alleged breach of contract, discrimination, and intentional and/or negligent infliction of emotional distress. (Exhibit 1, Complaint, Prayer for Relief, p. 2-5).
>
> (b) Plaintiffs allege a minimum of $1,000.00 in damages per Plaintiff on Count II, and demand in excess of $25,000.00 on Counts I, III, and IV.  The Complaint names sixty-seven (67) individual Plaintiffs, each demanding such damages and, in total, the amount in controversy regarding Plaintiffs' claims for damages is more than sufficient to satisfy the $75,000.00 threshold required for diversity jurisdiction.

Notice of Removal at 3.

To meet its burden with regard to the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009).  "The preponderance of the evidence standard requires a defendant to demonstrate by sufficient proof that a plaintiff's verdict reasonably may exceed the jurisdictional amount."  City of University City, Mo. v. AT & T Wireless Servs., Inc., 229 F.Supp.2d 927, 932 (E.D. Mo. 2002) (internal citations omitted).  Specific facts or evidence are required to demonstrate that the jurisdictional amount is met.  Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).

Defendant's Notice of Removal asserts that "in total," the amount in controversy for the sixty-seven plaintiffs "is more than sufficient to satisfy the $75,000.00 threshold required for

diversity jurisdiction." Notice of Removal at 3. While a "single plaintiff may properly aggregate all of the claims which he has against the defendants to satisfy the jurisdictional amount," Lynch v. Porter, 446 F.2d 225, 228 (8th Cir. 1971), the value of multiple plaintiffs' claims cannot be aggregated to satisfy the jurisdictional amount in controversy. See Snyder, 394 U.S. at 332. A federal court in a diversity action may exercise supplemental jurisdiction over additional plaintiffs whose claims do not satisfy the minimum amount in controversy requirement, provided the claims are part of the same case or controversy as the claim of at least one plaintiff who does allege a sufficient amount in controversy. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 559 (2005)).

If the Court were to simply aggregate the $25,000 sought in Counts I, III and IV and the $1000 sought in Count II, the jurisdictional amount would appear to be met as to the fifteen plaintiffs who assert claims in all four counts.[9] An examination of the removed Petition, however, indicates that such an aggregation is not proper for the reasons discussed below.

### a. *Counts I and II of the Removed Petition*

Count I asserts a state law claim for breach of contract based on the layoff policy in defendant's Employee Handbook, which plaintiffs claim was breached when plaintiffs were laid off from their jobs at the President Casino and defendant failed to transfer them to another of its facilities or offer them a severance package. The prayer for relief in Count I asks that defendant be required to "comply with the lay off policy with back pay or offer a severance package at the discretion of the Plaintiffs or, in the alternative, offer Plaintiffs a severance package in excess of $25,000[.]" Pet. at 3.

---

[9]Count III, which asserts employment discrimination, is brought by only fifteen of the sixty-seven plaintiffs.

It is unclear if the $25,000 damage amount sought in Count I's prayer for relief is intended to be an individual damage award for each plaintiff, or is a collective damage award for all of the plaintiffs.  The language quoted above is inherently ambiguous – the use of the singular phrase "a severance package" on two occasions in the prayer for relief indicates that one severance package valued in excess of $25,000 is sought for all of the plaintiffs, as opposed to severance packages in excess of $25,000 for each plaintiff.

Looking to other allegations of the removed Petition, it does not seem reasonably likely that each plaintiff could recover an amount in excess of $25,000 based on defendant's failure to transfer them to another facility.  The Employee Handbook, which is attached as an exhibit to the removed Petition, states in pertinent part that in the event of a reduction in force and separation from employment, "Part-Time and Full-Time employees will be separated and recalled to their regular job classification based on their length of service within their job classification.  Employees are on a recall list for four (4) months."  The Employee Handbook provision is the sole factual basis of plaintiffs' contractual claim for back pay or a severance package of Count I.  There are no allegations concerning the plaintiffs' salaries, or the basis for their claim of entitlement to a severance package.  Thus, it appears unlikely that Count I seeks damages in excess of $25,000 for each plaintiff.

The ambiguity in Count I's prayer for relief becomes more pronounced when it is read in conjunction with Count II.  Count II also asserts a claim for breach of contract, based on defendant's promise to plaintiffs that if they continued to work at the President Casino until it closed, they would be paid a severance package, sick pay and bonuses.  Plaintiffs allege that defendant rescinded this offer after plaintiffs relied on it and continued to work at the casino until its closing.  The prayer in Count II states, "Plaintiffs pray for a judgment against Defendant in excess of $25,000," but the

12

factual allegations of Count II assert that "the amount owed to Plaintiffs is worth at least $1000.00 per Plaintiff/employee." Pet. at 4, ¶ 6.

Like Count I, Count II asserts a claim for breach of contract and states that the plaintiffs are entitled to severance packages. The prayer for relief in Count II, like Count I, also seeks judgment in excess of $25,000, but Count II specifically states that "based upon information and belief, the amount owed to plaintiffs is worth at least $1000.00 per Plaintiff/employee." Pet. at 3-4. As a result, it is clear that Count II's prayer for relief of $25,000 is a collective prayer for the plaintiffs as a group, pleaded in an amount necessary to establish state circuit court jurisdiction.

The claims asserted in Counts I and II are closely related and seek some of the same relief, specifically a severance package that plaintiffs value at approximately $1000 per plaintiff in Count II. Count I's contractual claims are based on an employee handbook provision that promises laid off employees placement on a recall list for a period of four months. The prayer in Count II is pleaded for the plaintiffs collectively. Because Counts I and II are very similar, this tends to indicate that Count I's prayer for relief may also be pleaded for the plaintiffs collectively.[10] For these reasons, the Court interprets the ambiguous language of Count I's prayer for relief as seeking an amount in excess of $25,000 for the plaintiffs collectively. In reaching this interpretation, the Court is mindful that doubts about federal jurisdiction must be resolved in favor of remand, Central Iowa

---

[10]It could be argued that the absence of language seeking specific damages per plaintiff in Count I, when such language was included in Count II, indicates that its omission from Count I was intentional. The removed Petition is pleaded in such a haphazard manner, however, that such an argument would be unpersuasive. In addition, although Counts I and II are not pleaded in the alternative, it is possible these counts may assert different theories of recovery for the same damages. If this is correct, Counts I and II cannot be aggregated for purposes of determining the amount in controversy. See Frump ex rel. Aubuchon v. Claire's Boutiques, Inc., 2011 WL 1103055, at *3 (W.D. Mo. Mar. 22, 2011) (when determining whether more than $75,000 is at issue, a court may not aggregate claims that merely assert different theories of recovery for the same damages).

Power Co-op., 561 F.3d at 912, and that the amount in controversy requirement is to be strictly construed. Snyder, 394 U.S. at 339.

As previously noted, Count III, which asserts a claim for employment discrimination, is brought by only fifteen of the sixty-seven plaintiffs. The prayer for relief in Count III seeks judgment in excess of $25,000. Count III establishes a claim for damages of $25,000 for those fifteen plaintiffs. Similarly, the prayer for relief in Count IV, which asserts claims for intentional and/or negligent infliction of emotional distress, seeks judgment in excess of $25,000. Count IV establishes a claim for damages of $25,000 for each plaintiff.

Based on the foregoing, it does not appear from the face of the removed Petition that any single plaintiff's claims are for more than $75,000 in the aggregate. Defendant relies solely on the removed Petition's allegations to establish the amount in controversy, but this pleading does not explicitly disclose that any plaintiff is seeking damages in excess of the federal jurisdictional amount. The Court therefore finds the record before it does not demonstrate that defendant has met its burden to establish by a preponderance of the evidence that an amount in excess of $75,000 is actually in controversy with respect to at least one plaintiff. Defendant must provide specific facts or evidence concerning the amount in controversy, see Hill, 324 F.Supp.2d at 1036, to meet its burden on removal.

### 2. *Amended Petition*

The Court now examines whether the minimum amount in controversy exists based on the face of the Amended Petition.[11] The prayer in each count of plaintiffs' eight-count Amended Petition is for judgment in excess of $25,000. The Court assumes that plaintiffs' intent was to plead

---

[11] As previously discussed, the Amended Petition and the Notice of Removal do not establish complete diversity of citizenship among the parties.

14

in accordance with Missouri pleading requirements.  See Mo. R. Civ. P. 55.05; Mo. Rev. Stat. § 509.050.1(2).[12]

If the Court were to simply aggregate the $25,000 sought in each count of the eight-count Amended Petition, the jurisdictional amount would be met.  An examination of the Amended Petition indicates that such an aggregation is not proper, however, because it is clear that several of the counts merely assert different theories of recovery for the same damages and therefore cannot be aggregated.

      a.  *Counts I, II and III of the Amended Petition*

Count I appears to assert a claim for breach of an oral contract to transfer the plaintiffs to a different facility, in return for their agreement to continue to work at the President Casino until it closed.[13]  Count I states in part, "Plaintiffs has [sic] been damaged in an amount exceeding $10,000 each which consists of loss [sic] wages and benefits."  Pet. at 3, ¶ 9.  Count II incorporates the factual allegations of paragraphs 1 through 8 of Count I and, based on those facts alone, appears to assert a claim for intentional misrepresentation with respect to the oral contract to transfer the

---

[12] Plaintiffs are reminded that federal pleading standards apply to civil actions removed from state court.  Christiansen v. West Branch Community Sch. Dist., No. 11-1904, 2012 WL 952813, at *8, __ F.3d __ (8th Cir. Mar. 22, 2012); Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure apply to civil actions removed to federal district court).

[13] The Court notes that Count I of the Amended Petition includes the following reference to the Employee Handbook:  "Defendant is [sic] making its promise referred to [the] employee handbook regarding how the lay offs who [sic] be handled and the lay off procedures written therein."  Amended Petition at 2, ¶ 6.  This allegation is incorporated by reference into Counts II and III.  Id. at 3, ¶ 1; and at 4, ¶ 1.  Each of these counts seeks damages of $10,000 per plaintiff.  The damages plaintiffs seek in the Amended Petition are not conclusive with respect to determining the damages sought in the removed Petition, but the fact that the Amended Petition's specific damage claims based on the Employee Handbook are less than $25,000 per plaintiff tends to support the Court's interpretation of the prayer for relief in Count I of the removed Petition as seeking damages for the plaintiffs collectively.

15

plaintiffs. Count II also states in part, "Plaintiffs has [sic] been damaged in an amount exceeding $10,000 each which consists of loss [sic] wages and benefits." Pet. at 3, ¶ 4. Count III also incorporates the factual allegations of paragraphs 1 through 8 of Count I and, based on those facts alone, appears to assert a claim for negligent misrepresentation with respect to the oral contract to transfer the plaintiffs. Count III also states in part, "Plaintiffs has [sic] been damaged in an amount exceeding $10,000 each which consists of loss [sic] wages and benefits." Pet. at 5, ¶ 4.

Although not pleaded in the alternative, Counts I, II and III seek the same relief based on the same set of facts. These counts assert different theories of recovery for the same damages and do not have their own separate factual basis for damages. As a result, the damages claimed in Counts I, II and III are not properly aggregated for purposes of determining the amount in controversy. See Frump ex rel. Aubuchon v. Claire's Boutiques, Inc., 2011 WL 1103055, at *3 (W.D. Mo. Mar. 22, 2011) (when determining whether more than $75,000 is at issue, a court may not aggregate claims that merely assert different theories of recovery for the same damages); Holmes v. Boehringer Ingelheim Pharms, Inc., 158 F.Supp.2d 866, 868 (N.D. Ill. 2001) (same). Thus, Counts I, II and III establish one claim for damages in excess of $10,000 for each plaintiff, rather than three such claims. See, e.g., Powers v. FMC Corp., 155 F.Supp.2d 307, 310 (E.D. Pa. 2001) (three counts asserting three different theories – negligence, strict liability, and breach of warranty – for the same injuries could not be aggregated for purposes of determining the amount in controversy); Holmes, 158 F.Supp.2d at 868 (claims for negligence and strict liability that were based on identical facts and sought identical damages stated different legal theories of recovery for the same injury and could not be aggregated to meet the jurisdictional amount).

Further, because plaintiffs specifically pleaded the value of their individual damages, the form prayer in each count for an amount in excess of $25,000, presumably pleaded in accordance

with Missouri pleading requirements, is properly considered a collective prayer for all of the plaintiffs and cannot be used to establish the amount in controversy with respect to the plaintiffs as individuals.

b. *Counts IV, V and VI of the Amended Petition*

In Counts IV through VI, plaintiffs allege that when defendant surrendered its gaming license, it promised plaintiffs that if they stayed and continued to work at the President Casino until it closed, they would be paid a severance package, sick pay and bonuses, but defendant later rescinded this "offer and promise."

In Count IV, plaintiffs appear to assert a breach of contract claim based on defendant's rescission of its offer to pay the severance package, sick pay and bonuses. The Amended Petition states that "[b]ased upon information and belief, the amount owed to Plaintiffs is worth at least $1,000 per Plaintiff/employee." Pet. at 5, ¶ 6. In Count V, plaintiffs reiterate most of the factual allegations of Count IV and, based on those facts, appear to assert a claim for intentional misrepresentation with respect to the promise to pay a severance package, sick leave, and bonuses. Count V also states in part that "the amount owed to Plaintiffs is worth at least $1,000 per Plaintiff/employee." Pet. at 6, ¶ 10. In Count VI, plaintiffs incorporate by reference Counts IV and V, and appear to assert a claim for negligent misrepresentation with respect to the promise to pay a severance package, sick leave, and bonuses. Count VI also states in part that "the amount owed to Plaintiffs is worth at least $1,000 per Plaintiff/employee." Pet. at 7, ¶ 4.

As discussed above with respect to Counts I through III, Counts IV, V and VI seek the same relief based on the same set of facts. These counts assert different theories of recovery for the same damages and do not have their own separate factual basis for damages. As a result, the damages claimed in Counts IV, V and VI are not properly aggregated for purposes of determining the amount

in controversy. Thus, Counts IV, V and VI establish one claim for damages of $1,000 for each plaintiff, rather than three such claims.

Because plaintiffs specifically pleaded the value of their individual damages in these counts, the form prayer in each count for an amount in excess of $25,000, presumably pleaded in accordance with Missouri pleading requirements, is properly considered a collective prayer for all of the plaintiffs and cannot be used to establish the amount in controversy with respect to the plaintiffs as individuals.

c. *Counts VII and VIII of the Amended Petition*

In Count VII, fifteen plaintiffs assert a claim for age discrimination in violation of the Missouri Human Rights Act in connection with defendant's failure to transfer or rehire them after the President Casino closed. The prayer in Count VII states, "Plaintiffs pray for judgment against Defendant for front pay, back pay, liquated [sic] damages, compensatory damages and punitive damages in excess of $25,000.00 and their attorney costs." Pet. at 8. Count VII establishes a claim for damages of $25,000 for each of the fifteen plaintiffs who assert it.

Count VIII incorporates by reference the allegations of Counts I through VII, and appears to assert claims of intentional and, alternatively, negligent infliction of emotional distress in connection with defendant's withdrawn promises to rehire or transfer the plaintiffs, and/or to pay severance packages, sick leave and bonuses. The prayer in Count VIII states, "Plaintiffs pray judgment against Defendant for actual and punitive damages in excess of $25,000 with their costs." Pet. at 9. Count VIII establishes a claim for damages of $25,000 for each plaintiff.

Based on the foregoing, for purposes of determining the amount in controversy, plaintiffs' claims in Counts I through III of the Amended Petition are collectively valued at $10,000 per plaintiff, the claims in Counts IV through VI are collectively valued at $1,000 per plaintiff, the

claims in Count VII are valued at $25,000 per plaintiff for the fifteen plaintiffs who assert age discrimination claims, and the claims in Count VIII are valued at $25,000 per plaintiff. Thus, the aggregate value of the claims for the fifteen plaintiffs who also assert a claim of age discrimination appears to be $61,000 each. The aggregate value of the claims for the other plaintiffs appears to be $36,000 each. As a result, it does not appear from the face of the Amended Petition that any single plaintiff's claims are worth more than $75,000 in the aggregate.

For these reasons, the Court finds the record before it does not demonstrate that defendant has met its burden to establish by a preponderance of the evidence that an amount in excess of $75,000 is actually in controversy with respect to at least one plaintiff based on the Amended Petition. Defendant must therefore provide specific facts or evidence concerning the amount in controversy, see Hill, 324 F.Supp.2d at 1036, to meet its burden.

**Conclusion**

The Court cannot determine whether it has subject matter jurisdiction over this action. The Court will reserve ruling on plaintiffs' motion to remand and grant defendant fourteen days to establish the existence of the requisite complete diversity of citizenship of the parties and the jurisdictional minimum amount in controversy.

In its opposition to the motion to remand, defendant asks for additional time to "conduct discovery and request production of documents" to establish the existence of subject matter jurisdiction. This request is denied. A removing defendant must establish that all prerequisites to jurisdiction are established, Central Iowa Power Co-op., 561 F.3d at 912, and must be prepared to do so at the time of removal. A removing defendant in a diversity case is not entitled to a post-removal opportunity to engage in discovery to support the removal, using tools provided by the Federal Rules of Civil Procedure.

Plaintiffs will have the opportunity to reply following defendant's response, and may submit evidence to establish plaintiff Michael Holl's citizenship at the time the state court action was filed and at the time of removal, or other specific evidence to show that federal jurisdiction does not exist. Defendant's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, within fourteen (14) days of the date of this Order, defendant shall file a memorandum, including citation to any relevant authority and specific facts or evidence, to establish by a preponderance of the evidence: (1) the citizenship of each plaintiff listed in the removed Petition at the time of filing and at the time of removal; (2) the citizenship of each additional plaintiff listed in the Amended Petition, including those whose names have been changed from the removed Petition; and (3) that the amount in controversy exceeds $75,000 with respect to at least one plaintiff.

**IT IS FURTHER ORDERED** that plaintiffs shall have ten (10) days thereafter in which to file any reply.

**IT IS FINALLY ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

／s／ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of April, 2012.