# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DIANE FRANKLIN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:12-CV-307 CAS |
| PINNACLE ENTERTAINMENT, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on defendant Pinnacle Entertainment, Inc.'s ("Pinnacle") Response to the Court's Order Concerning Removal. Plaintiffs did not file a reply and the time to do so has passed.

The Order Concerning Removal noted that questions existed concerning complete diversity of citizenship as well as the requisite amount in controversy in connection with plaintiffs' motion to remand, and directed Pinnacle to establish (1) by a preponderance of the evidence that the amount in controversy exceeds $75,000 with respect to at least one plaintiff; (2) that all of the other plaintiffs' claims are part of the same case or controversy as the plaintiff who alleges a sufficient amount in controversy; and (3) the citizenship of each plaintiff both at the time of filing and the time of removal.

For the following reasons, the Court concludes it has diversity jurisdiction over this matter and that plaintiffs' motion to remand should be denied.

I.

With respect to the amount in controversy, Pinnacle responds that the claims of at least one plaintiff, Walter Robinson, exceed $75,000 as to his employment discrimination claim alone, based

on Mr. Robinson's salary, accrued back pay, and potential attorney's fees and punitive damages. Pinnacle offers the affidavit of Paula Reily, Controller of its Lumiere Place Casino and former Controller of the President Casino, which states in pertinent part that Mr. Robinson's annual salary was $72,000 and that he last received compensation from Pinnacle on December 27, 2010. Pinnacle asserts that Mr. Robinson's back pay alone was approximately $81,000 at the time of removal, thus establishing the requisite amount in controversy without even considering the value of his other claims.

In the absence of any contradiction by plaintiffs, the Court finds that Pinnacle has met its burden to establish by a preponderance of the evidence that at least one plaintiff's claims meet the minimum amount in controversy.

II.

Pinnacle acknowledges that for the exercise of supplemental jurisdiction to be proper, Mr. Robinson's claims must form part of the same case or controversy as the other plaintiffs, see Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 559 (2005), but does not provide any further response or discussion on this point.

The Court has carefully reviewed the Amended Complaint and finds that plaintiffs' claims, at least as to Counts I through VI and VIII, arise out of the same series of transactions or occurrences, and that questions of law and fact common to all of the plaintiffs will arise in the action, although not all of the plaintiffs assert the same claims.[1] See Rule 20(a), Federal Rules of Civil Procedure (establishing the standard for permissive joinder); see also Mosley v. General

---

[1] Count VII of the Amended Complaint, which is brought by only fifteen plaintiffs, alleges age discrimination in violation of the Missouri Human Rights Act. This count will concern transactions and occurrences and questions of law or fact that are not common to the plaintiffs who do not allege an MHRA claim, and may not be common to the plaintiffs who assert it.

Motors Corp., 497 F.2d 1330, 1334 (8th Cir. 1974) (stating that Rule 20 "would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.").

There is a reasonable connection among the plaintiffs' claims against Pinnacle, as each plaintiff's claims concern his or her employment at the President Casino, Pinnacle's alleged promises and agreements intended to induce the plaintiffs to continue their employment until it closed the casino, the plaintiffs' eventual layoff when the casino closed, and Pinnacle's failure to transfer them to another facility or pay them severance packages. Common questions of law or fact will include whether Pinnacle made an enforceable contract with the plaintiffs to transfer them to another facility or provide a severance package if they stayed at the casino until it closed, whether Pinnacle breached that contract, and whether Pinnacle made fraudulent misrepresentations to the plaintiffs.

III.

With respect to the plaintiffs' citizenship, Pinnacle responds with supporting documents and affidavits that none of the plaintiffs were citizens of Nevada or Delaware at the times of filing and removal, and therefore complete diversity of citizenship exists. The only dispute concerns the citizenship of plaintiff Michael Holl, who plaintiffs contend is a resident of Las Vegas, Nevada.[2]

---

[2] Plaintiffs' Surreply in support of their Motion to Remand includes an affidavit of plaintiff Michael Holl dated April 12, 2012, which states in pertinent part, "I presently reside in Las Vegas[,] Nevada." (Doc. 46). As stated in the Order Concerning Removal, "It is well established that an allegation of residence is not the equivalent of an allegation of citizenship, . . . and is insufficient to allege citizenship." (Doc. 47 at 2). Further, Mr. Holl's affidavit did not contain averments as to his citizenship on the dates of the petition's filing and removal to federal court. See Knudson v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011) ("In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed.").

Pinnacle offers proof that Mr. Holl owns no property and does not vote in Clark County, Nevada, does not possess a Nevada driver's license as of April 2012, and does not have a telephone listing in the White Pages. Pinnacle further offers evidence that Mr. Holl maintains significant contacts with the State of California, including that he possesses a valid California driver's license issued in May 2011, is registered to vote in California, requested that his Missouri Gaming Licensure information be sent to an address in San Jose, California in 2009 shortly before he began employment at the President Casino, and in April 2011 asked Pinnacle to send his tax documents to the same San Jose address.

Pinnacle contends that even if it is assumed Mr. Holl resided in Nevada at the time this suit was filed and removed – a proposition for which there is no evidence in the record – his actions fail to demonstrate the necessary intent to remain there indefinitely, as required by Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990). Pinnacle states that residency does not equate with citizenship, and asserts that Mr. Holl's well-established, current California contacts, in contrast to his lack of contacts with Nevada, significantly outweigh his mere current presence in Nevada.

Plaintiffs have made no attempt to contradict Pinnacle's evidence concerning Mr. Holl's citizenship. The Court finds Pinnacle has met its burden to establish by a preponderance of the evidence that Mr. Holl is a citizen of California, and that complete diversity of citizenship exists between it and the plaintiffs.

IV.

For the foregoing reasons, the Court concludes that diversity jurisdiction exists over this matter pursuant to 28 U.S.C. § 1332(a). As a result, plaintiffs' motion to remand should be denied and the stay previously imposed in the case should be lifted. In accordance with the parties' agreement and the Order of April 26, 2012, plaintiffs shall file their response to Pinnacle's Amended

Motion to Dismiss Plaintiffs' First Amended Petition within twenty-one (21) days of the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that the stay previously imposed in this matter is **lifted**.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Remand is **DENIED**. [Doc. 23]

**IT IS FURTHER ORDERED** that plaintiffs shall file their response to defendant's Amended Motion to Dismiss Plaintiffs' First Amended Petition by **June 28, 2012**.

 

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of June, 2012.