UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE FRANKLIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-307 CAS |
| | ) | |
| PINNACLE ENTERTAINMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Response to Motion for Sanctions ("Response"), which the Court has construed as a Motion for Relief from the Memorandum and Order of December 28, 2012 under Rule 60(b), Federal Rules of Civil Procedure. See Docket Text Order of January 7, 2013 (Doc. 90). The motion is fully briefed and ready for decision.

**Procedural Background**

The Memorandum and Order of December 28, 2012 ("Order") granted defendant's motion for sanctions under Rule 11, Fed. R. Civ. P. Plaintiffs filed a response (Doc. 77) to defendant's motion for sanctions, and the motion was fully briefed well before the Order was issued. Plaintiffs' instant Response, filed after entry of the Order, includes a prayer asking the Court to "reconsider the court order of December 28, 2012 by disallowing or reducing the fine and for any other orders the court deem[s] advisable." Because the Response asks the Court to take action, it is properly construed as a motion.

The Eighth Circuit Court of Appeals has instructed that a motion for reconsideration which is directed to a non-final order should be construed as a motion under Rule 60(b), Federal Rules of Civil Procedure. Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999); see Anderson v. Raymond

Corp., 340 F.3d 520, 525 (8th Cir. 2003). As a result, the Court notified the parties that it would construe plaintiffs' Response as a Motion for Relief from the non-final Order under Rule 60(b).

**Legal Standard**

Federal Rule of Civil Procedure 60(b) relieves a party from a judgment or order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly-discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or misconduct by an opposing party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, Fed. R. Civ. P. 60(b)(5); and any other reason that justifies relief, Fed. R. Civ. P. 60(b)(6).

Rule 60(b) authorizes relief based only on these enumerated circumstances. "It is not a vehicle for simple reargument on the merits." Broadway, 193 F.3d at 990. Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984).

**Discussion**

Plaintiffs' Motion for Relief focuses on the portion of the Order directing plaintiffs' counsel, Mr. Thomas Carter, II, to pay half of defendant's attorneys' fees incurred in connection with the motion for sanctions, in the amount of $1,925. The Motion for Relief states that: (1) plaintiffs' attorney is unable to pay this amount; (2) the "motion for sanctions is without foundations," Pls.' Mot. at 1; (3) the motion for sanctions was based on the misnomer of plaintiff Michael Holl, which

2

was corrected in state court prior to removal; (4) the motion for sanctions was also based on the inclusion of plaintiff Michael Hughes, and after plaintiffs were notified by the defendant that Hughes was not a proper plaintiff because he had never worked for the defendant, plaintiffs attempted to contact Hughes but received no response, and "in conversation with Defendant's attorney office [sic] they were advised of Plaintiffs' dilemma." id. at 2; (5) "Plaintiffs' thoughts were to ignore these small infractions until this court granted an amendment to the complaint"; and (6) "Plaintiffs' attorney has read Rule 11" and "will issue an apology to the court and the Defendant for not taking Rule 11 more seriously. Plaintiffs' attorney was under the impression the changes could be made before trial or settlement but there was no need to make the changes now." Id.

Defendant opposes the Motion for Relief, asserting that it does not support relief from the Order under any subsection of Rule 60(b). Defendant also states that it provided plaintiffs with months of notice regarding the errors in the pleadings and its intention to seek sanctions if they were not corrected, and in its reply memorandum in support of the motion for sanctions went so far as to tell plaintiffs how to correct their errors by stating, "Multiple avenues to correct the errors were, and still are, available to Plaintiffs, including the filing of an amended petition for the limited purpose of making such corrections. Had Plaintiffs requested to file an amended petition for such limited purpose, Defendant would not have objected." Def.'s Response at 2 (quoting Def.'s Reply Mem. in Supp. of Mot. for Sanctions at 2 (Doc. 78)).

Plaintiffs' reply in support of their Motion for Relief states only, "[T]he Defendant's response for sanctions did not substantiate a fine," and "a fine is against the weight of the evidence in this case." Plaintiffs' Reply at 1.

The Court must first determine what subsections of Rule 60(b) might be invoked by plaintiffs' Motion for Relief. The Court finds that plaintiffs' Motion for Relief can only be

3

considered as seeking relief under Rule 60(b)(1), mistake, inadvertence, surprise or excusable neglect; or the catch-all provision of Rule 60(b)(6), any other reason that justifies relief. The Court finds that the other subsections of Rule 60(b) are inapplicable.

The Court will deny the Motion for Relief to the extent it is brought under Rule 60(b)(1). The errors that led to the imposition of sanctions against Mr. Carter were open and obvious, and concerned matters pertaining to the plaintiffs – matters that should have been entirely within Mr. Carter's knowledge. As detailed in the Order, these errors had been pointed out to Mr. Carter months before sanctions were imposed, both in defendant's correspondence and Rule 11 motion, and by the Court in various orders. As a result, there is no surprise. Mr. Carter's conduct cannot be deemed inadvertent or a mistake, and any neglect on his part cannot be excused. "It is generally held that neither ignorance nor carelessness on the part of an attorney will provide grounds for [Rule] 60(b) relief." Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969).

With respect to Rule 60(b)(6), the ability of a party or attorney to pay a monetary sanction is a relevant factor in the decision to impose such a sanction. See Pope v. Federal Express Corp., 974 F.2d 982, 985 (8th Cir. 1992) (remanding for reconsideration of $30,000 sanction against attorney, in light of $50,000 sanction imposed on the attorney in another district). In order to determine Mr. Carter's ability to pay a monetary sanction, however, the Court must have some evidence concerning his income and expenses. See Pope v. Federal Express Corp., 49 F.3d 1327, 1328 (8th Cir. (1995) (after examining financial statements and income tax returns of attorney, district court reduced Rule 11 sanction to $25,000; affirmed). Here, Mr. Carter offers nothing but his unsworn statement that he is unable to pay the $1,925 sanction. There is no evidence from which the Court could determine that Mr. Carter cannot pay the monetary sanction it imposed.

The Court notes that defendant's motion for sanctions and memorandum in support thereof specifically requested attorneys' fees in connection with preparing the motion for sanctions. Plaintiffs' Response to the motion for sanctions did not mention the issue of attorneys' fees. Defendant's reply memorandum in support of its motion for sanctions stated that it incurred attorneys' fees and costs of $3,851.24 (19.75 hours at $195 per hour) in connection with reviewing and confirming the errors in plaintiffs' pleadings, corresponding with plaintiffs' counsel via letter, facsimile and telephone, providing multiple copies of documents to plaintiffs' attorney, and drafting the motion for sanctions and memorandum in support. Plaintiffs did not seek leave to file a surresponse to the reply, although there was time to do so, as the Court did not issue its Order on the motion for sanctions until almost four months after it was fully briefed.

"Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005). Plaintiffs had a full and fair opportunity to litigate the Rule 11 motion, including the request for attorneys' fees, and therefore cannot meet this standard.

The remainder of plaintiffs' arguments are nothing more than an attempt to reargue the issue of whether Mr. Carter's conduct warranted the imposition of Rule 11 sanctions. The Court discussed the procedural history of this case, Mr. Carter's conduct, and the applicable law concerning Rule 11 in detail in the Order, prior to concluding that sanctions were required. Plaintiffs cannot use the instant motion to reargue the merits of the Court's sanctions decision. See Broadway, 193 F.3d at 990. Consequently, the Court finds that plaintiffs have not shown the existence of the extraordinary circumstances necessary to warrant relief under Rule 60(b).

On its own motion, the Court will modify the Order to the extent that it imposed a non-monetary sanction. The Court ordered Mr. Carter to attend a Continuing Legal Education program or seminar on the topic of federal practice and procedure no later than April 30, 2013. The Court on reconsideration concludes that Mr. Carter would obtain more useful information about practicing in federal court by reading this Court's (1) Local Rules, (2) Administrative Procedures for Case Management/Electronic Case Filing, (3) ADR Fact Sheets, and (4) the undersigned's Judge's Requirements. The Court will order Mr. Carter to read these resources, all of which are available on the Court's Internet website, www.moed.uscourts.gov, and file an affidavit stating that he has done so, by April 30, 2013.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Relief from the Memorandum and Order of December 28, 2012 under Rule 60(b), Fed. R. Civ. P., is **DENIED**. [Doc. 89]

**IT IS FURTHER ORDERED** that Mr. Thomas Carter, II, shall pay the sum of One Thousand Nine Hundred Twenty-Five Dollars ($1,925.00) to the firm McMahon Berger, P.C. and file a written Notice that he has done so, by **February 15, 2013**.

**IT IS FURTHER ORDERED** that on the Court's own motion, the Memorandum and Order of December 28, 2012, is **modified** as follows: Plaintiffs' attorney Mr. Thomas Carter, II, is relieved of the obligation to attend a Continuing Legal Education program or seminar on federal practice and procedure, and instead is **HEREBY ORDERED** to read this Court's (1) Local Rules,

---

[1] On the Court's Internet website home page, the Local Rules and the undersigned's Judge's Requirements are available under the "Court Business" tab. The CM/ECF Administrative Procedures Manual is available under the "Clerks Office" tab, then select "Administrative Procedures." The ADR Fact Sheets are available under the "Attorneys" tab, then select "Alternative Dispute Resolution;" or select the "Alternative Dispute Resolution" link on the left side of the home page.

(2) Administrative Procedures for Case Management/Electronic Case Filing, (3) ADR Fact Sheets Nos. 1-10, and (4) the undersigned's Judge's Requirements.

**IT IS FURTHER ORDERED** that Mr. Carter shall file a written Notice that he has read each of these items; the Notice shall include the dates and amount of time spent reading each item, and shall be signed under penalty of perjury.

**IT IS FURTHER ORDERED** that Mr. Carter shall read the foregoing documents and file the Notice required by this Order by **April 30, 2013**.

**Failure to comply fully and timely with this Order may result in the imposition of further sanctions.**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __28th__ day of January, 2013.