UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANE FRANKLIN, DIERDER ARNOLD, ) <br> DEMARCUS ARNOLD, DEBORAH BAILEY,) <br> JACK BELL, TERREL BORDERS, JOSE ) <br> CASTORENA, KENNETH CLAY, CECIL ) <br> COATS, PAULA CRANMER, DIETRA ) <br> CUNNINGHAM, HAZEL DOSS, GARY ) <br> EASTRIDGE, LARRY FELLOWS, GLENN ) <br> FORD, AMY GAVLICK, TANYA ) <br> ARMSTRONG-GINES, CLIFTON GORDON, ) <br> ARCHIE GREEN, STEPHANIE HAMIEL, ) <br> LORI HARGROVE, RICHARD HARGROVE, ) <br> MARTISA HOLMON, MICHAEL HOLL, ) <br> TONJA HULL, JOSEPH JENNEMANN, ) <br> NATOYA JOHNSON, DIANE JOYCE, ) <br> DENNIS LASH, JENNIFER LIPPERT, ) <br> MAXINE LOVE, TIMOTHY LOVETT, ) <br> RONALD MARTIN, RONALD MARTIN, JR.,) <br> THOMAS MARTIN, JACK MAYSEY, ) <br> MYRON MINNER, DARREL MUETH, ) <br> JOAN NISCHBACH, ANTIONETTE ) <br> PARKER, CURTIS PETTIS, CRAIG ) <br> RAPERT, PEREZ RAYFORD, DIANE ) <br> RHODES, TYREE RICHARDS, WALTER ) <br> ROBINSON, LINDA SCHRECK, LIZETT ) <br> SIMMONS, LAURA SMITH, DANIEL ) <br> SPRADLING, ANTHONY WATSON, ) <br> LINDA COTTON, MICHAEL FINK, ) <br> PAMELA FRANKLIN-HAMILTON, DAVID ) <br> KENNEDY, DEMETRIUS RICH, KEVIN ) <br> SAEGER, KATINA SCOTT, RAYMOND ) <br> WOOD, DAVID SHERROD, MARK ) <br> HUGHES, JAMIE BAILEY, JOHN ) <br> SIEBERT, DARRIAN OLIVER, SCOTT ) <br> JOHNSON, MICHAEL HALL, JAMES ) <br> PERRY, JOSEPH PAVLIK, MARILYN ) <br> LEE-TAYLOR, ALIMITRIC STEWART, ) <br> MELVIN THOMAS, MICHAEL HUGHES, ) <br> MICHAEL HULL, ) <br> ) <br>         Plaintiffs, ) <br> ) <br>   v. ) | No. 4:12-CV-307 CAS |

| | ) |
|---|---|
| PINNACLE ENTERTAINMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER OF PARTIAL DISMISSAL

This matter is before the Court on plaintiffs' motion to voluntarily dismiss without prejudice the claims of plaintiffs Dierder Arnold, Jamie Bailey, Jose Castorena, Paula Cranmer, Hazel Doss, Michael Holl, Mark Hughes, Scott Johnson, Timothy Lovett, Joan Nischbach, Darrian Oliver, Antionette Parker, James Perry, Curtis Pettis, Kevin Saeger and David Sherrod.

Defendant opposes the motion to the extent it urges that the dismissals be with prejudice or, in the alternative, that voluntary dismissal be "on the condition that the plaintiffs must pay Defendant's costs and attorney's fees related to the defense of the present lawsuit in the event one of the plaintiffs re-files the same claims in state or federal court." Def.'s Response in Opp. at 4.

The Eighth Circuit has instructed that a showing of "plain legal prejudice" is required to deny a dismissal without prejudice. See Armstrong v. Adams, 869 F.2d 410, 414 (8th Cir. 1989) ("To set aside a voluntary dismissal under Fed. R. Civ. P. 41(a), [a defendant] must demonstrate plain legal prejudice arising from the dismissal."). To demonstrate the required level of prejudice, a defendant must show more than that the plaintiff will gain a tactical advantage as a result of its action. Hoffmann v. Alside, Inc., 596 F.2d 822, 823 (8th Cir. 1979) (per curiam). The mere prospect of a second lawsuit following a voluntary dismissal without prejudice does not constitute plain legal prejudice. 8 James Wm. Moore, et al., Moore's Federal Practice § 41.40[5][c] (3d ed. 2012). The Court finds that defendant has not shown it will suffer plain legal prejudice if these plaintiffs' claims are dismissed without prejudice.

2

The Court now turns to defendant's alternative request to impose conditions on the voluntary dismissal without prejudice. This is a matter within the Court's sound discretion under Rule 41(a)(2). Herring v. City of Whitehall, 804 F.2d 464, 466 (8th Cir. 1986). "The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions." Kern v. TXO Production Corp., 738 F.2d 968, 972 (8th Cir. 1984). As a general rule, "Courts impose few or no conditions early in a case when the defendant faces, at most, the mere prospect of relitigation[.]" 8 Moore's Federal Practice § 41.40[10][a].

Here, although the case has been on file since February 2012, much time has been expended to establish jurisdiction, correct filing errors by plaintiffs' counsel, and amend pleadings. Indeed, the dismissal is being sought because the identified plaintiffs have failed to respond to defendant's initial round of discovery requests. See Order of May 13, 2013 (Doc. 116). Thus, the case has not progressed to a late stage, which counsels in favor of a dismissal without conditions. Although defendant has undoubtedly expended significant time and effort to defend this action, brought by more than seventy plaintiffs, it has not identified how its efforts can be quantified as to the sixteen plaintiff who seek dismissal. The condition requested by defendant for dismissal of these plaintiffs' claims, that any plaintiff who files a second suit be required to pay defendant's costs and attorney's fees in connection with this action, is overly broad and unduly burdensome.

Having considered these factors, the Court in the exercise of its discretion will grant the sixteen plaintiffs' motion to voluntarily their claims without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to dismiss is **GRANTED**. [Doc. 120]

**IT IS FURTHER ORDERED** that the claims of plaintiffs Dierder Arnold, Jamie Bailey,

3

Jose Castorena, Paula Cranmer, Hazel Doss, Michael Holl, Mark Hughes, Scott Johnson, Timothy Lovett, Joan Nischbach, Darrian Oliver, Antionette Parker, James Perry, Curtis Pettis, Kevin Saeger, and David Sherrod in this matter are **DISMISSED** without prejudice.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of July, 2013.