UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DIANE FRANKLIN, et al., )
 )
      Plaintiffs, )
 )
v. ) No. 4:12-CV-307 CAS
 )
PINNACLE ENTERTAINMENT, INC., )
 )
      Defendant. )

## MEMORANDUM AND ORDER

Plaintiffs filed this action against Pinnacle Entertainment, Inc. ("Pinnacle") after Pinnacle laid the plaintiffs off from employment at its now-closed President Casino in St. Louis. On February 25, 2014, the Court granted summary judgment in favor of Pinnacle on plaintiffs' remaining claims and entered judgment in favor of Pinnacle and assessed costs against the fifty-four remaining plaintiffs, jointly and severally. Pinnacle as the prevailing party subsequently filed its Motion for Bill of Costs. Plaintiffs did not respond to the motion for bill of costs and the time to do so has passed. As a result, it is ready for decision. For the following reasons, the Court will grant in part and deny in part Pinnacle's motion.

Pinnacle's Bill of Costs seeks a total of $42,770.62, as follows:

-    Fees of the clerk                       $ 350.00
-    Fees of the court reporter              31,617.00
-    Fees for exemplification and copies     4,411.62
    Other costs                              6,392.00
                                                    $42,770.62

**I. Discussion**

Pinnacle's request for its costs expended is governed by Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920. Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920, and expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). The Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian Am. Oil Co., 379

U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982).

Taxable costs under § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters under 28 U.S.C. § 1828. The Court will address each category of Pinnacle's claimed costs in turn.

    A. Fees of the Clerk

Pinnacle seeks and is entitled to recover Clerk's fees of $350 for the filing fee, pursuant to § 1920(1).

    B. Fees of the Court Reporter

Pinnacle seeks to recover its costs incurred in obtaining stenographic transcripts of the plaintiffs' depositions, or making a record of their nonappearance, and deposition exhibits under § 1920(2) in the amount of $31,617.00.

Pinnacle is entitled to costs associated with the plaintiffs' depositions necessarily obtained for use in the case. Costs associated with delivery of transcripts are not recoverable under § 1920(2), however. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). Pinnacle therefore cannot recover for courier or delivery charges. In addition, district courts in the Eighth Circuit have excluded as non-taxable many miscellaneous costs associated with stenographic transcripts. See American Guarantee & Liab. Ins. Co. v. United States Fid. & Guar. Co., 2010 WL 1935998, at **3-12 (E.D. Mo. May 10, 2010) (denying as unnecessary fees for shipping, accelerated transcripts, mini/condensed transcripts, e-transcripts, video copies, exhibit archives, condensed disks, copies of exhibits for the convenience of counsel, duplicate transcript copies, and digital conversions of transcripts/exhibits); and Clark v. Baka, 2011 WL 2881710, at *3 (E.D. Ark. July 19, 2011) (denying as unnecessary fees for expedited transcripts, e-transcripts, ASCII and condensed transcripts, color copies, color exhibits, second set of exhibits, processing and delivery charges, early

2

appearance fees, and after-hours rates). Pinnacle therefore cannot recover costs for transcript/exhibit archive and e-transcript charges.

With respect to deposition exhibits, this Court has stated that "authenticated deposition exhibits are necessary for use in summary judgment pleadings, which require support with admissible evidence, see Fed. R. Civ. P. 56(c), and costs incurred for use in summary judgment proceedings are considered 'necessarily obtained' within the meaning of 28 U.S.C. § 1920." Cowden v. BNSF Ry. Co., __ F.Supp.2d __, 2014 WL 107844, at *2 (E.D. Mo. Jan. 3, 2014) (citing cases). Pinnacle filed and prevailed on a motion for summary judgment in this case, supported in part by excerpts from many of the plaintiffs' depositions and deposition exhibits. The Court therefore concludes costs for copies of deposition exhibits are recoverable to the same extent as the corresponding depositions. See id.

Accordingly, the Court will deduct the amount of $632.00 from Pinnacle's claimed costs for fees of the court reporter for non-taxable delivery, transcript/exhibit archive and e-transcript charges, and will tax the costs of stenographic deposition transcripts and deposition exhibits in the amount of $30,985.00.

### C. Fees for Exemplification and Copies

Pinnacle requests costs for photocopies in the amount of $4,411,62 pursuant to § 1920(4). "Expenses for photocopies 'necessarily obtained for use in the case' are recoverable by the prevailing party as costs. 28 U.S.C. § 1920 (2000). Rule 54(d) directs that costs, such as necessary photocopies, 'shall be allowed as of course to the prevailing party unless the court otherwise directs.' Fed. R. Civ. P. 54(d)." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002). Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request. Yaris v. Special School Dist. of St. Louis County, 604 F. Supp. 914, 915 (E.D. Mo. 1985), aff'd, 780 F.2d 724 (8th Cir. 1986). Pinnacle's Bill of Costs provides sufficient detail of the items copied to allow a reasonable evaluation of the request. The Court finds that the items were necessarily obtained for use in the case. As a result, this item of cost will be taxed in the amount of $4,411.62.

D.  Other Costs

Finally, Pinnacle seeks other costs of $6,392.00 for (1) professional investigative services used to establish diversity of citizenship, in the amount of $4,402.50, (2) Pinnacle's half of the mediator's fee in the amount of $1,227.00, and (3) the court reporting company's charge of $762.50 for use of a video conference room for the video deposition of plaintiff Gary Eastridge, who resides in Pennsylvania.

Costs associated with professional investigative services to establish diversity of citizenship are not included in the list of allowable costs in the categories set forth in 28 U.S.C. § 1920.  As a result, these expenses must be borne by Pinnacle.  See Crawford Fitting Co., 482 U.S. at 445.  The Eighth Circuit has held that mediator's fees are not an item of taxable cost under 28 U.S.C. § 1920.  Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002).  Pinnacle also must bear its half of the mediation expense.

Expenses associated with video depositions are recoverable under § 1920.  Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 897 (8th Cir. 2009).  This Court has taxed a video conference room charge where the losing party's expert selected the out-of-town deposition location.  See Burton v. St. Louis Bd. of Police Comm'rs, 2012 WL 5392500, at *1 (E.D. Mo. Nov. 5, 2012).  Because Pinnacle asserts that plaintiff Gary Eastridge resides in Pennsylvania, thus necessitating the video deposition, the Court will tax this cost of $762.50 as a fee of the court reporter under § 1920(2).

**II.  Conclusion**

For the foregoing reasons, the Court will grant in part and deny in part Pinnacle's Motion for Bill of Costs.  To summarize, the Court will order the following costs taxed:

- Fees of the clerk                           $     350.00
- Fees of the court reporter              31,747.50
- Fees for exemplification                 4,411.62

  Total costs taxed                            $36,509.12

Accordingly,

**IT IS HEREBY ORDERED** that defendant Pinnacle Entertainment, Inc.'s Motion for Bill of Costs is **GRANTED in part** and **DENIED in part**, as set forth above. [Doc. 151]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of defendant Pinnacle Entertainment, Inc. and against the fifty-four plaintiffs listed in footnote 1 of the Judgment dated February 25, 2014, jointly and severally, in the amount of Thirty-Six Thousand Five Hundred Nine Dollars and Twelve Cents ($36,509.12).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __7th__ day of April, 2014.